**Roman Cazares PIMENTEL; Lucila Martinez Morales, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74184.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006 *.

Filed Dec. 27, 2006.

Roman Cazares Pimentel, Corona, CA, pro se.

Lucila Martinez Morales, Corona, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thomas Fatouros, Stephen J. Flynn, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

## MEMORANDUM **

Roman Cazares Pimentel and Lucila Martinez Morales, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *see Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen, because they did not demonstrate prima facie eligibility for relief under the Convention Against Torture ("CAT"). *See* 8 C.F.R. § 1208.16(c)(2) (applicant for CAT relief must prove "it is more likely than not that he or she would be tortured if removed to the proposed country of removal"); *Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869–70 (9th Cir.2003) ("prima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).